FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 18 2025

KEVIN P. WEIMER, Clerk
By:                    Deputy Clerk
*Matthew H*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TV TOKYO CORPORATION, )
 )
    Plaintiff, )
 )
    v. ) CIVIL ACTION NO.:
 ) 25-cv-6494 - LMM
WLEEC BEAUTY and NING ZHOU, )
 )
    Defendants. )
 )

## DEFENDANT NING ZHOU'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Ning Zhou, appearing Pro Se, respectfully moves this Court to dismiss the claims asserted against her pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. In support of this Motion, Defendant states as follows:

### I. INTRODUCTION

Plaintiff brings this action against multiple online sellers alleging trademark and copyright infringement based on product images and descriptions displayed on e-commerce listings. As to Defendant Ning Zhou, Plaintiff's claims rest on the fact that she owns an Amazon seller account operating under the name Wleec Beauty. However, ownership of a seller account alone does not plausibly establish infringement. Plaintiff's Complaint fails to allege facts showing that Defendant

created, selected, uploaded, or authorized the allegedly infringing images or product descriptions. Plaintiff was informed of this distinction promptly after providing its evidence, yet did not investigate, clarify, or amend its allegations. Accordingly, the Complaint fails to state a plausible claim against Defendant.

## II. FACTUAL BACKGROUND

1. Defendant Ning Zhou is the owner of an Amazon seller account operating under the name Wleec Beauty, Seller ID A3D1C4Z3EMT3GP, associated with the email address wleechair@gmail.com.

2. On or about December 4, 2025, Defendant received a notice from the Amazon platform indicating that her seller account was affected due to a federal court matter. That notice did not include any evidence identifying specific infringing images, descriptions, or listings.

3. On or about December 6, 2025, Plaintiff or Plaintiff's counsel first provided purported evidence alleging that certain images and product descriptions associated with Defendant's seller account infringed Plaintiff's intellectual property. This evidence was transmitted to Defendant's counsel at that time.

4. Although the seller account identified by Plaintiff belongs to Defendant, the allegedly infringing images and product descriptions identified in Plaintiff's evidence were not created, uploaded, written, or authorized by Defendant.

5.   On December 6, 2025, through counsel, Plaintiff was notified that while the seller account was Defendant's, the allegedly infringing images and descriptions were not created or authorized by Defendant.

6.   On December 10, 2025, Plaintiff was again notified that the images and descriptions identified as infringing were not Defendant's and was requested to clarify or correct the allegations.

7.   Plaintiff did not respond to either communication and did not amend or withdraw its allegations against Defendant.

## III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ARGUMENT

### A.   Plaintiff fails to plausibly allege Defendant's direct infringement

Trademark and copyright infringement claims require factual allegations showing that the defendant used the protected material in commerce, or copied or authorized the copying of protected works. Plaintiff's Complaint does not allege facts showing that Defendant created, selected, uploaded, or authorized the allegedly infringing images or product descriptions.

**B.**     **Plaintiff fails to allege facts supporting secondary or vicarious liability**

The Complaint does not allege that Defendant had knowledge of the alleged infringement, induced infringement, or exercised control over the creation of the infringing content.

## V. CONCLUSION

For the foregoing reasons, Defendant Ning Zhou respectfully requests that the Court dismiss all claims asserted against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: December 16, 2025

Respectfully submitted,

*/s/ Ning Zhou*
NING ZHOU
Defendant, Pro Se
Qingdao, Shandong
Email: wleechair@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2025, I served a true and correct copy of the foregoing Motion to Dismiss on Plaintiff's counsel via electronic mail.

Dated: December 16, 2025

*/s/ Ning Zhou*
NING ZHOU

NING ZHOU

To

Clerk's office
United States District Court
Northern District of Georgia.
Richard B. Russell Federal Building
~~Atlanta, GA 30303-3309~~
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309



CLEARED SECURITY

JEC 18 2025

U.S. MARSHALS SERVICE
Atlanta, Georgia

526-1596

# Reusable

## Recycle me

TO REUSE: Mark through all previous shipping labels and barcodes.

ere.

ORIGIN ID:CHIA    (312) 626-0408
NING ZHOU

1430 WEST FILLMORE STREET

CHICAGO, IL 60607
UNITED STATES US

SHIP DATE: 15DEC25
ACTWGT: 1.00 LB
CAD: 30BB0000/INET4760

BILL CREDIT CARD

TO CLERK'S OFFICE
UNITED STATES DISTRICT COURT
75 TED TURNER DRIVE SOUTHWEST
NORTHERN DISTRICT OF GEORGIA
RICHARD B. RUSSELL FEDERAL BUILDING
ATLANTA GA 30303
(404) 215-1660      REF:
INV:
PO:                      DEPT:

FedEx
Express

E

REL#
3785344

THU – 18 DEC 5:00P
EXPRESS SAVER

TRK#
0201    8871 1700 1866

SA QFEA

30303
GA-US  ATL



Align bottom of peel-and-stick air bill or pouch here.