IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ABCDY MAN, et al.,<br><br>Defendants. | Civil Action No.<br><br>1:25-cv-06494-LMM |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

Plaintiff files this brief in support of its Motion to Strike and states as follows:

### I. Introduction

Plaintiff TV Tokyo Corporation ('Plaintiff") seeks an order striking the Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss") served by Ning Zhou on behalf of DOE #164 - Wleec Beauty ("Defendant"). Counsel for Defendant (obtained after the Motion to Dismiss was filed) confirmed with Plaintiff's counsel that Defendant would not object to Plaintiff's Motion to Strike.

Defendant served a *pro se* motion purporting to appear both for herself and for Defendant. Federal courts uniformly prohibit artificial entities, including corporations, partnerships, and associations, from appearing without licensed counsel. Because the Motion to Dismiss is an improper pro se filing on behalf of an

entity and contravenes the Court's order, it should be stricken under Rule 12(f) and the Court's authority to enforce compliance with its orders.

In the alternative, if Defendant contends Wleec Beauty is not an entity and the motion is intended solely on her own behalf, the Court should require a clear identification of the proper party and, to the extent any entity defense is asserted, require counsel to appear before any merits-based motion is considered.

**II.     Factual Background**

Plaintiff TV Tokyo Corporation filed this lawsuit for copyright and trademark infringement against various online Internet stores selling merchandise that infringed on intellectual property associated with the popular Japanese anime franchise Naruto. One of these Internet stores, identified on Schedule A to the Complaint as DOE #164 Wleec Beauty, sold infringing "Naruto" themed wall posters through a storefront on the e-commerce website Amazon. *See* Complaint, Exhibit 3-1, p. 165.

On November 13, 2025 the Court entered a temporary restraining order and ordered all parties, including Defendant, to show cause why a preliminary injunction should not issue. Dkt. #9. On December 10, 2025, the Court held a hearing on the order to show cause, Defendant identified as DOE #164 - Wleec Beauty did not appear and the Court entered the Preliminary Injunction against Defendants including DOE #164. Declaration of Abby Neu ("Neu Decl.") ¶3.

On December 16, 2025, an individual identifying themselves as Ning Zhou served Plaintiff's counsel with a Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion to Dismiss"). Neu Decl. ¶4. The Motion to Dismiss referred to Ning Zhou as "owner of an Amazon seller account operating under the name Wleec Beauty" and indicated that she was appearing pro se on behalf of herself and Defendant Wleec Beauty. Dkt. 26. In the Motion to Dismiss, Zhou asserts that, although she is the owner of Wleec Beauty, she did not personally cause the infringing listing to appear on Defendant's Amazon account. Dkt. 26 at p. 2.

Plaintiff now moves to strike the Motion to Dismiss under Rule 12(f) on the grounds that it was filed pro se and not by counsel as previous ordered by the Court.

### III. <u>Entities Cannot Appear Pro Se in Federal Court</u>

Fed. R. Civ. P. 12(f) provides that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any insufficient, immaterial, impertinent, or scandalous matter. "[C]ourts have uniformly held that [Federal law] does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted).

A court may strike a defendant's answer and enter default against a defendant for failing to comply with a court order. *Jorgensen v. Cassiday*, 320 F.3d 906, 911

(9th Cir. 2003) (upholding the lower court's sanction striking a party's answer and entering default because of noncompliance with a prior court order). This includes where a party was ordered to retain counsel and failed to do so. *See U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("When it became apparent that Crisler (who was not a licensed attorney at that time) was attempting to represent High Country, the district court ordered High Country to retain counsel for the duration of the litigation. When High Country failed to do so, the district court entered a default judgment against it; this was perfectly appropriate.").

Here, Defendant has not retained counsel and has instead filed a Motion to Dismiss pro se. Neu Decl. ¶4. This, alone, is a sufficient basis for the Court to strike the Motion to Dismiss.

Additionally, it is clear that Defendant is more than a just an individual doing business as "Wleec Beauty." In the Motion to Dismiss, Zhou asserts that, although she is the owner of Wleec Beauty, she did not personally cause the infringing listing to appear on Defendant's Amazon account, implying that someone else who has access to Defendant's Amazon account caused the infringement. *See* Dkt. 26 at p. 2. Because Zhou's argument requires Defendant to be operated by more than one person, this implies that Defendant is in some sort of association, partnership, or other corporate form which would preclude Defendant from appearing pro se in this

4

litigation. This is a separate and independent basis for the Court to strike the Motion to Dismiss.

## IV. <u>Conclusion</u>

For the reasons set forth herein, Plaintiff respectfully requests that the Court strike the Motion to Dismiss filed as Dkt. 26.

Date: January 8, 2026

Respectfully submitted,

<u>*/s/ David M. Lilenfeld*</u>
David M. Lilenfeld
Georgia Bar No. 45299
**WHITEWOOD LAW PLLC**
5555 Glenridge Connector, Suite 200
Atlanta, GA 30342
Telephone: (404) 663-3349
Email: david@whitewoodlaw.com

Abby Neu, *pro hac vice pending*
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (872) 294-3263
Email: aneu@whitewoodlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF FONT & SIZE SELECTION**

Pursuant to LR 7. 1(D), I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

Date: January 8, 2026                              Respectfully submitted,

                                                                    */s/ David M. Lilenfeld*
                                                                    David M. Lilenfeld