IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ABCDY MAN, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-6494-LMM |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff TV Tokyo Corporation ("TV Tokyo" or "Plaintiff"), by its counsel, and Defendants DIGI2CART (Def. No. 188) and JAI SREE RAM (Def. No. 211) ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

The parties stipulate the following: that this Court has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including Georgia. Specifically, Defendants have targeted sales to Georgia residents by setting up and operating internet stores that target United States consumers, offering shipping to the United States, including Georgia, accepting payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of the Plaintiff's copyrights and trademark ("Plaintiff's IP") to residents of Georgia. Plaintiff is the

1

owner of trademark registration number 3726754 for use in connection with Plaintiff's TV Tokyo products. Plaintiff is also the owner of several copyright registrations, including the three that are asserted in this action, PA 2-431-062, PA 2-276-002 and PA 2-277-887.

The parties stipulate that Defendants are liable for willful federal copyright infringement (17 U.S.C. § 502).

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using Plaintiff's IP or any reproductions, derivative works based upon Plaintiff's IP, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with Plaintiff's IP;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product authorized by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with Plaintiff's IP;

    c. committing any acts calculated to cause consumers to believe that

      Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which includes any work bearing Plaintiff's IP, including any reproductions, counterfeit copies, or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendant Digicart (DOE #188) paying Plaintiff $700 (Seven Hundred US dollars); and Defendant JAI SREE RAM (DOE 211) paying Plaintiff $1,200 (One Thousand Two Hundred US dollars); in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, Walmart shall remove any restraints that were placed on Defendants' Walmart stores and financial accounts pursuant to the Temporary Restraining Order, Dkt. No. 9.

5. This Court retains subject matter jurisdiction over this matter for at least one

hundred eighty (180) days after this Order is entered. This case as it relates to Defendants DIGI2CART (Def. No. 188) and JAI SREE RAM (Def. No. 211) is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: February 12, 2026

_____
Hon. Leigh Martin May
United States District Judge